FILED
96 FEB 22 AM 10: 04
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WALTER OWENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | CV-96-C-0440-W |
| **MONSANTO COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** the plaintiff, Walter Owens ("Plaintiff"), and for his complaint against defendant Monstanto Company ("defendant"), avers as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is an individual citizen of the State of Alabama and resides in Centreville, Bibb County, Alabama.

2. Defendant, Monsanto Company ("Monsanto"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Delaware. Monsanto manufactures and sells chemicals and agricultural products and is registered and authorized to do business in Alabama.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs.

**SUBSTANTIVE AVERMENTS**

4. Plaintiff owns a house on the Coosa River (the "River").

5. Defendant Monsanto owns a plant in Anniston, Alabama which produced and manufactured "PCBs." The term PCB is commonly used to refer to a class of carcinogenic chemicals known as polychlorinated biphenyls. PCBs are hazardous to humans and the environment and pollute the waters. PCBs remain toxic and do not readily break down in the environment.

6. Monsanto manufactured PCBs at its Anniston plant from approximately 1931 until the mid 1970s when, under government pressure, Monsanto ceased operations because PCBs were considered hazardous to humans and the environment. The U.S. government officially banned the production of PCBs in the 1970s.

7. At all times while Monsanto was manufacturing PCBs, Monsanto routinely and improperly disposed of PCB pollutants by dumping the hazardous materials into the sewer and by burying PCBs on its property. The sewer leads into creeks and tributaries which lead into the River and lakes on the River, including Lake Logan Martin and Lake Mitchell where property owners, like plaintiff, own houses for recreational and residential purposes. As a result of Monsanto's actions, the River was polluted with PCBs.

8. Additionally, PCBs were and are discharged as a result of "run off" whereby rain and water washes over and into the property, including the landfills which contain PCBs, and then into the waterways and the River.

9. Although Monsanto ceased manufacturing PCBs in the 1970's, PCBs continue to be discharged into the River and waterways as a result of run-off.

11. At all times relevant hereto, Monsanto has been or should have been aware of the hazardous effects of PCBs and the existence of PCBs in the River as a result of Monsanto's actions and inactions. Monsanto knew or should have known, and otherwise consciously disregarded, the hazards of improper disposal of PCBs and the resulting effect on the River and property on the River, including the property owned by plaintiff.

12. Defendant wrongfully and fraudulently concealed and continues to conceal the fact that PCBs and other hazardous chemical substances have been deposited in the River as a result of Monsanto's actions. Since as early as 1930 until the present, Monsanto has engaged in a pattern and practice of suppressing and concealing its actions in causing PCBs to pollute the River in an effort to avoid liability, publicity, and other adverse consequences of its actions.

13. Additionally, Monsanto failed and continues to fail to properly monitor and cleanup its property, including landfills, which has resulted in the discharge of more PCB pollutants into the River and waterways.

14. At all times since 1931, Monsanto has had actual and constructive knowledge that people such as plaintiff purchase homes on the River and vacation, fish and swim in the River on a regular basis.

15. Defendant's actions have not only damaged, contaminated and polluted property belonging to plaintiff but also substantially diminished the value of the property and interfered with plaintiff's right to use and enjoy his property.

16. As a result of defendant's actions, plaintiff has endured pain and suffering and continues to suffer mental distress.

17. All of these damages and injuries are the proximate and natural consequence of defendant's actions and inactions.

18. The actions of the defendant constitute continuing tortious activity.

**COUNT I**

**NEGLIGENCE**

19. Plaintiff incorporates herein by reference paragraphs 1 through 18, as if fully restated herein.

20. Defendant negligently manufactured and disposed of PCB pollutants into the River and waterways. Defendant failed to properly supervise the manufacture and disposal of PCBs. Defendant failed and continues to fail to properly monitor and cleanup its property and landfills thereby negligently allowing the further discharge of PCBs into the River and waterways.

21. Monsanto has a duty to plaintiff and others who own property on the River to use due care and breaches this duty by its actions and inactions.

22. As a direct and proximate result of defendant's negligence, the plaintiff has been damaged and this injury was foreseeable.

WHEREFORE, PREMISES CONSIDERED, plaintiff seeks from the defendant actual and compensatory damages, together with interest, attorneys' fees, costs and such other relief to which the plaintiff may be justly entitled to receive, said damages to be more specifically proved at trial.

## COUNT II

## GROSS NEGLIGENCE, RECKLESSNESS, WANTONNESS

23. Plaintiff incorporates herein by reference paragraphs 1 through 18, as if fully restated herein.

24. As more specifically described above, the defendant has known of or consciously disregarded the hazards of PCBs, the discharge of PCBs into the River, and the effect of improper disposal of PCBs on plaintiff and his property on the River.

25. The defendant consciously and deliberately released these toxins by improperly dumping PCBs into the sewer. Defendant consciously and recklessly failed to monitor PCBs buried on its property. Defendant continues to consciously allow PCBs to run off its PCB-contaminated land into the River and waterways.

26. Monsanto has consciously and deliberately allowed these toxins to flow from its property and remain in the waterways, with the full understanding of the dangers and consequences to the plaintiff and others like him. This conduct constitutes gross negligence, recklessness and/or wantonness which has been and continues to be a direct and proximate cause and/or contributing cause of the damages and injuries sustained by the plaintiff.

27. The acts of the defendant are intentional, willful, wanton, illegal, and done with conscious and deliberate disregard for the life, safety, rights and property of the plaintiff and others and as a result of these acts of the defendant, the plaintiff is entitled to punitive damages.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims from the defendant actual, compensatory and punitive damages, together with interest, attorneys' fees, costs and such other relief to which the plaintiff may be justly entitled to receive, said damages to be more specifically proved at trial.

**COUNT III**

**NUISANCE**

28. Plaintiff incorporates herein by reference paragraphs 1 through 18, as if fully restated herein.

29. Defendant intentionally, wrongfully and illegally created a private and public nuisance and interfered with the plaintiff's right to use and enjoy his property.

30. As a result of defendant's actions, plaintiff has been and continues to be damaged.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims from the defendant actual, compensatory and punitive damages, together with interest, attorneys' fees, costs and such other relief to which the plaintiff may be justly entitled to receive, said damages to be more specifically proved at trial.

**COUNT IV**

**RIPARIAN RIGHTS**

31. Plaintiff incorporates herein by reference paragraphs 1 through 18, as if fully restated herein.

32. The use made by defendant of the River, and the waterways and tributaries leading into the River, was unreasonable and improper. Defendant intentionally and wantonly polluted and

impaired the quality of the water, to the prejudice of plaintiff, a lower riparian owner and user of the water. Defendant has rendered the River unfit for its normal uses.

33. As a result of defendant's actions, plaintiff has been and continues to be damaged.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims from the defendant actual, compensatory and punitive damages, together with interest, attorneys' fees, costs and such other relief to which the plaintiff may be justly entitled to receive, said damages to be more specifically proved at trial.

D. Frank Davis
Gerald P. Gillespy

**OF COUNSEL:**
BURR & FORMAN
420 North 20th Street
3100 SouthTrust Tower
Birmingham, Alabama 35203
(205) 251-3000

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

OF COUNSEL

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Monsanto Company
c/o The Corporation Company
60 Commerce Street
Montgomery, AL 36103